UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rashawn Cervantes,

                Petitioner,        Case No. 13-cv-11612
                                      Hon. Judith E. Levy
v.                                      Mag. Judge R. Steven Whalen

Steven Rivard,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS***

      Michigan state prisoner Rashawn Cervantes filed a *pro se* petition for a writ of habeas corpus on April 10, 2013, pursuant to 28 U.S.C. § 2254. (*See* Dkt. 1.) Petitioner is currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. He challenges his convictions of armed robbery, felon in possession of a firearm, and possession of a firearm during the commission of a felony. For the reasons set forth below, the petition is denied.

I. **Facts**

The relevant facts relied on by the Michigan Court of Appeals, which this Court must presume are correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1), are set forth below:

> In the early hours of October 27, 2009, Cervantes robbed Richard Mullen as Mullen walked home from a friend's house. Cervantes approached Mullen from behind and held a pistol to his face. Mullen said, "I know you. You'll have to kill me," and slapped the pistol away. Cervantes then shot Mullen in his left leg and took Mullen's cigarettes and cellular telephone. Cervantes fled the scene on foot while Mullen managed to walk to a nearby sheriff's station, where an ambulance took him to a hospital.
>
> While waiting for the ambulance to arrive, Mullen informed police that he did not know [the] identity of the gunman. However, a citizen who observed the incident and called 911 stated that he saw the two men walking together. The 911 caller told police what he had seen, but he was subsequently unavailable to testify at trial.
>
> When Mullen arrived at the hospital, he told police that the gunman looked familiar and that he believed he spent time in jail with the gunman. The day after the robbery, Mullen picked Cervantes out in a photographic lineup and stated that he was positive the gunman was . . . Cervantes. Mullen stated that he recalled seeing Cervantes around the neighborhood before. When Mullen identified Cervantes as the gunman during trial, defense counsel specifically cross-examined him regarding inconsistencies in his description of Cervantes and his ability to remember and perceive the event. During closing argument, defense counsel pointed out all the reasons Mullen would have difficulty identifying Cervantes. Specifically, defense counsel discussed faulty

eyewitness identification as the basis for wrongful convictions in other cases.

*People v. Rashawn Deangelo Cervantes*, No. 299491, 2011 Mich. App. LEXIS 1855, at *1-2 (Mich. Ct. App. Oct. 20, 2011).

## II. Procedural history

Following a jury trial in Jackson County Circuit Court, Petitioner was convicted of armed robbery, Mich. Comp. Laws § 750.529, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. (*See* Dkt. 11-8 at 4-5.) On July 15, 2010, Petitioner was sentenced to twenty to forty years' imprisonment for armed robbery, three to ten years' imprisonment for felon in possession of a firearm, and two years' imprisonment for possession of a firearm during the commission of a felony. (*See* Dkt. 11-9 at 11-12.)

Petitioner appealed to the Michigan Court of Appeals, arguing in relevant part that "the trial court abused its discretion when it denied his request for an eyewitness identification expert," and "the trial court's denial of his request for an expert infringed on his right to present a defense." *People v. Rashawn Deangelo Cervantes*, No. 299491, 2011 Mich. App. LEXIS 1855, at *3-7 (Mich. Ct. App. Oct. 20, 2011).

3

The Michigan Court of Appeals affirmed. *Id.* at *8.

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, raising the expert witness claim that was denied by the Michigan Court of Appeals and new claims of ineffective assistance of trial and appellate counsel. The Michigan Supreme Court denied leave to appeal. *People v. Cervantes*, 810 N.W.2d 911 (Mich. 2012).

Petitioner then filed this habeas petition, raising the following claim:

> Plaintiff was deprived of his right to [] due process and to a fair trial under the [Fourteenth] Amendment to the United States Constitution and of his right to a Jury Trial under the [Sixth] Amendment to the United States Constitution when the identification was contaminated by impermissibly suggestive police conduct in pointing out alleged suspect which happen[ed] to be [Petitioner] to the only eyewitness and when the trial judge abused his discretion in denying [Petitioner] his right to present a defense where the trial court abused its discretion by denying funds for an expert on witness identification.

(Dkt. 1 at 10.)

### III. Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a federal court can order habeas relief only if the state's adjudication of a claim (1)

4

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). In applying these standards, this Court is to examine the holdings of the Supreme Court as they existed at "the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Court can, however, look to decisions of other courts to determine whether a legal principle has been clearly established by the Supreme Court. *Hall v. Vasbinder*, 563 F.3d 222, 232 (6th Cir. 2009); *Smith v. Stegall*, 385 F.3d 993, 998 (6th Cir. 2004).

IV. Analysis

> ### *a. Petitioner is not entitled to habeas relief based on his claim that the lineup procedure was impermissibly suggestive.*

Petitioner first seeks habeas relief on the ground that the eyewitness identification was tainted by an impermissibly suggestive lineup procedure. (Dkt. 1 at 10.) Petitioner argues that the pretrial identification was impermissibly suggestive because police officers told

Richard Mullen, the victim, that they had an idea of who shot Mullen based on his description, and the photographic array they showed Mullen included Petitioner. (*See id.* at 10-14.)

Respondent argues that Petitioner's challenge to the lineup procedure is not exhausted because it was never presented in state court. Respondent is correct that this claim is unexhausted. The Court may, however, address an unexhausted claim when the unexhausted claim is plainly meritless, when the unexhausted claim is not cognizable on federal habeas review, or when it is in the best interests of the parties and judicial economy. *See Hudson v. Larson*, No. 13-12254, 2015 U.S. Dist. LEXIS 54433, at \*17 (E.D. Mich. Apr. 27, 2015) ("[A] habeas Petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition.") (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987)); *see also Granberry*, 481 U.S. at 131 ("[T]here are some cases in which it is appropriate for an appellate court to address the merits of a habeas corpus petition notwithstanding the lack of complete exhaustion."); *Hanna v. Ishee*, 694 F.3d 596, 610 (6th Cir. 2012) ("[T]his Court may deny relief on the merits, notwithstanding a failure to

6

exhaust, where appropriate.") (citing 28 U.S.C. § 2254(b)(2)). In this case, Petitioner's claim lacks merit and will be addressed on the merits.

Under existing Supreme Court precedent, an identification procedure will be set aside only if the identification was so impermissibly suggestive and conducive to mistaken identification that the defendant was denied due process of law. *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967); *see also Simmons v. United States*, 390 U.S. 377, 384 (1968). "[T]he 'primary evil' to be avoided with identification procedures is any 'substantial likelihood' that an 'irreparable misidentification' will take place." *Gregory v. City of Louisville*, 444 F.3d 725, 755 (6th Cir. 2006) (quoting *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)). The danger is that an initial improper identification procedure will result in misidentification and will unduly influence later investigation. *United States v. Wade*, 388 U.S. 218, 229 (1967). "And the dangers for the suspect are particularly grave when the witness' opportunity for observation was insubstantial, and thus his susceptibility to suggestion the greatest." *Id*.

The Supreme Court has adopted a two-step process to determine the admissibility of identification evidence. First, a "defendant bears

the burden of proving the identification procedure was impermissibly suggestive," and second, "the trial court must determine whether, under the totality of the circumstances, the testimony was nevertheless reliable." *United States v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992). Five factors should be considered in determining the reliability of identification evidence: "(1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention at the time of the crime; (3) the accuracy of the witness's prior description of the defendant; (4) the witness's level of certainty when identifying the suspect at the confrontation; and (5) the length of time that has elapsed between the crime and the confrontation." *Id.* (citing *Neil v. Biggers*, 409 U.S. at 199-200).

A pretrial lineup is not impermissibly suggestive only because a witness knows that a suspect is in custody when the lineup is conducted. *United States v. Bowman*, 215 F.3d 951, 966 (9th Cir. 2000); *see Piper v. Portuondo*, 82 F. App'x 51, 52 (2d Cir. 2003) (holding that the fact that witnesses were told that a suspect was in custody did not, by itself, render a lineup impermissibly suggestive); *United States v. Carter*, 756 F.2d 310, 313 (3rd Cir. 1985) (statement that there would be

8

a suspect in the lineup is dangerously suggestive in a one person show-up, but not a fair lineup). The fact that the witness in this case was informed that the suspect was in the photo array does not, on its own, render the identification procedure unduly suggestive.

Other than the officer's purported statement to the witness that the suspect was in the photographic array, Petitioner raises, and the trial transcript reveals, no additional concerns that would compromise the reliability of the identification procedure. Defense counsel cross-examined Mullen extensively about Mullen's identification of Petitioner, his opportunity to view the gunman, and discrepancies in various accounts he gave to police about the incident. Because the identification testimony did not violate due process, the petition for habeas relief on this ground is denied.

> ### b. Petitioner is not entitled to habeas relief based on his claim that the trial court denied his request to fund an eyewitness identification expert.

Petitioner argues that he was denied his right to present a defense when the trial court denied his request for funds to retain an expert witness in eyewitness identification. The Michigan Court of Appeals denied this claim, finding that Petitioner was able to present a defense

9

of mistaken identification without the aid of an expert.

The Supreme Court has held that a defendant has a constitutional right to "a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense," when the defendant demonstrates that his sanity at the time of the offense is going to be an issue at trial. *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985). But the Supreme Court has not extended this right to other types of experts. *See, e.g.*, *Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1 (1985); *Jackson v. Ylst*, 921 F.2d 882, 886 (9th Cir. 1990) ("No issue was presented to the Supreme Court in *Ake* concerning the right of an indigent to the appointment of an expert on eyewitness identification. The parties have not cited any authority that holds that the federal constitution requires the appointment of such an expert."); *Weeks v. Angelone*, 176 F.3d 249, 265 (4th Cir. 1999) ("We interpret *Ake* and *Caldwell* together to stand for the proposition that due process . . . only required that an indigent defendant be appointed psychiatric experts when his sanity is at issue in the trial."). Because there is no Supreme Court authority which "squarely addresses the issue in this case," Petitioner cannot demonstrate that the state court

10

decision was contrary to, or an unreasonable application of, clearly established federal law. *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [petitioner's] favor, 'it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law.'") (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)). Moreover, even though Petitioner did not have an eyewitness expert, his counsel cross-examined Mullen extensively regarding Mullen's identification testimony, and Petitioner was able to present the mistaken identification argument to the jury.[1] The petition for habeas relief on this ground is therefore denied.

## V. Conclusion

In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must

---

[1] However, the importance of eyewitness expert testimony has been addressed by the Sixth Circuit. The fact that "defense counsel was able to challenge inconsistencies in the victim['s] identification testimony" does mean there was "'an effective substitute' for what the [expert witness] would have provided." *Ferensic v. Birkett*, 501 F.3d 469, 473 (6th Cir. 2007). But the petition cannot be granted here because AEDPA narrows the Court's review to whether the Supreme Court has clearly mandated that indigent defendants be appointed an expert on eyewitness identification. It has not. But to be clear, cross-examination and argument from counsel are not necessarily a sufficient substitute for such expert testimony.

11

demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merit," but "does not require a showing that the appeal will succeed." *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). In this case, reasonable jurists would not debate that the petition should have been resolved in a different manner. Therefore, the Court denies a certificate of appealability.

A court may grant *in forma pauperis* status if the court finds that an appeal would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) ("The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which requires showing that the appeal is not frivolous.") (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997)). While reasonable jurists would not debate the Court's resolution of Petitioner's claims,

12

the issues are not frivolous. "'Good faith' merely requires showing that the issues are arguable on the merits; it does not require a showing of probable success." *Id.* at 765. Because an appeal could be taken in good faith, Petitioner may proceed *in forma pauperis* if he wishes to appeal this decision. *Id.*

For the foregoing reasons, the Court denies the petition for a writ of habeas corpus, denies a certificate of appealability, and grants leave to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated: October 15, 2015     s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2015.

    s/Felicia M. Moses
    FELICIA M. MOSES
    Case Manager